IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EDWARD JESS DREYFUSE,

        Petitioner,

v.                              CIVIL ACTION NO. 3:16-06717

KAREN PSZCZOKOWSKI, Warden, *et al.*,

        Respondents.

**ORDER**

    Pending before the Court are two motions by Petitioner. The first is a Motion for Leave to Amend Petition for Writ of Habeas Corpus (ECF No. 29). The second has been characterized by the Court as a Motion for Extension of Time to File Objections re: ECF No. 27 Proposed Findings and Recommendations by Magistrate Judge (ECF No. 30).[1] For the following reasons, the Court **DENIES** Petitioner's Motion for Leave to Amend (ECF No. 29) and **GRANTS** the Motion for Extension of Time (ECF No. 30).

    Petitioner requests leave to amend his habeas petition to include an actual innocence claim. *Pet'r's Mot. for Leave to Amend*, ECF No. 29, at 1. The Supreme Court in *Schulp v. Delo* recognized a claim for actual innocence as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." 513 U.S. 298, 315

---

[1] The Court notes that the Letter-Form Motion by Petitioner focuses on the inadequacy of law library access at the Northern Correctional Facility. ECF No. 30. The Court construes the motion to request an extension of time to file an objection to the Magistrate Judge's Report due to inadequate law library access. Otherwise, the time for objections would have passed on January 23, 2017. ECF No. 27.

(1995) (citation omitted). Actual innocence, thus, serves as a mechanism to avoid a procedural bar to relief and allows the petitioner to pursue his underlying constitutional claims. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). Claims for actual innocence do not state a ground for federal habeas relief without "an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[T]o the extent Petitioner raises a free-standing claim of actual innocence, such a claim has not been recognized by the United States Supreme Court outside of the capital context and thus is subject to dismissal on the merits regardless of exhaustion." *Smith v. Mirandy*, No. 2:14-CV-18928, 2015 WL 1395781, at *4 (S.D.W. Va. Mar. 25, 2015); *see also Smith v. Ballard*, No. 2:09-CV-00242, 2010 WL 3835715, at *27 (S.D.W. Va. Aug. 24, 2010) ("the Supreme Court has emphasized that demonstrating actual innocence … is not itself a constitutional claim upon which habeas relief may be granted in a non-death penalty case"). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 400.

Here, Petitioner wishes to add his actual innocence claim as a separate ground for federal habeas relief. *See Pet'r's Mot. for Leave to Amend*, ECF No. 29. As the Supreme Court has noted, actual innocence claims serve only as a gateway to present underlying constitutional claims rather than as a separate ground for relief. This Court has not been presented with any evidence to indicate that Petitioner's constitutional claims are procedurally barred in his federal habeas petition to require the actual innocence gateway. Thus, the Court finds that amending the current habeas petition to include a separate claim for actual innocence is unnecessary. Accordingly, Petitioner's Motion to Amend (ECF No. 29) is **DENIED**.

-3-

The Court further understands that Petitioner has had difficulty accessing the law library available to him while incarcerated. This difficulty has prevented Petitioner from timely filing objections to the Magistrate Judge's Proposed Findings and Recommendations. The Court finds that this inadequate access serves as good cause for providing Petitioner an extension. Construing Petitioner's ECF No. 30 Motion as a request for an extension to file objections, the Court **GRANTS** Petitioner's Motion. Petitioner shall have a further seventeen days (fourteen days to file objections and three days for mailing and service) from the date of this Order within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendations (ECF No. 27) to which objection is made and the basis of such objection. The objections are due **by Tuesday, February 21, 2017**. Failure to file written objections shall constitute a waiver of *de novo* review by this Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Copies of such objections shall be served on opposing parties, the Magistrate Judge, and this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 3, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE