IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EDWARD JESS DREYFUSE,

            Petitioner,

v.                                     CIVIL ACTION NO. 3:16-06717

KAREN PSZCZOKOWSKI, Warden, *et al.*,

            Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Objections (ECF No. 32) to the Magistrate Judge's Proposed Findings and Recommendations (PF&R). For the following reasons, the Court **DENIES** Petitioner's objections and **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R (ECF No. 27) filed on January 6, 2017.

    **I.**    **Background**

The PF&R provides a thorough analysis of Petitioner's case that the Court declines to reiterate here. Petitioner was convicted by a jury in state court of First Degree Murder and Burglary. *See Proposed Findings & Recommendation*, ECF No. 27, at 1. Petitioner was sentenced to an indeterminate sentence between 1 and 15 years for the burglary conviction and life without mercy for the murder conviction, to run consecutively. *Id.* at 2. Although Petitioner filed a direct appeal in December of 2014, he moved to withdraw the appeal in January of 2016. *Id.* at 2, 6. The West Virginia Supreme Court granted this motion in February of 2016. *Id.* at 7. Petitioner filed his first Writ of Habeas Corpus in the Circuit Court of Cabell County in August of 2015, but the petition was dismissed as premature due to the pending direct appeal at the time. *Id.*

at 3, 5. Petitioner's Second Writ of Habeas Corpus in the Circuit Court of Cabell County was filed in January of 2016. *Id.* at 6. This state habeas proceeding is still pending. *Id.* at 11.

Petitioner filed the instant federal habeas petition on July 22, 2016. *Id.* Immediately, Petitioner filed a Motion for Stay and Abeyance so that he could continue his state habeas proceeding but not forfeit his right to federal habeas relief. *Id.* Respondents filed a Motion to Dismiss for Failure to Exhaust, which the Magistrate Judge recommended granting in its January 6, 2017 Order. Petitioner timely filed three objections to the Magistrate Judge's Order, challenging the denial of Petitioner's motion for leave to amend, the denial of appointment of counsel, and the denial of issuing a discovery order. *See Pet'r's Objs.*, ECF No. 32. None of these objections reference actions and recommendations taken in the Magistrate Judge's Order. However, the Court liberally construes a *pro se* filing and will address the objections to afford Petitioner the utmost regard to justice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of the Magistrate Judge's proposed findings to which an objection is made. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Because Petitioner filed objections in this case, the Court has conducted a de novo review of the Magistrate Judge's report. For the sections of the PF&R to which no objection is made, the Court will uphold the Magistrate Judge's findings unless they are "clearly erroneous" or "contrary to law." *See Green v. Ballard*, Civ. No. 3:02-1348, 2015 WL 1612198, at*2 (S.D.W. Va. Apr. 10, 2015) (citing *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979)).

## III. Discussion

### a. Magistrate Judge's Unchallenged Recommendation

The entirety of the PF&R discusses whether Petitioner's federal habeas corpus petition is timely because another state habeas action remains pending. *See Proposed Findings & Recommendation*, ECF No. 27, at 18. The Magistrate Judge highlights that Petitioner admits that his claims are unexhausted, but Petitioner asserts that he should be excused from the exhaustion requirement due to delays in the state's proceedings. *Id.* The Magistrate Judge thoroughly discusses why federal courts refrain from ruling on pending state habeas cases and the importance of complete exhaustion of state claims before turning to federal court. *Id.* at 21. Moreover, the PF&R explains that Petitioner has not met the requirements for an excusal of exhaustion under the factors applied from *Barker v. Wingo*, 407 U.S. 514 (1972). *Id.* at 22-27.

The Court finds it unnecessary to go into another explanation that parallels the PF&R. Petitioner failed to challenge the Magistrate Judge's findings and determinations that Petitioner's state habeas claims are unexhausted, that any delay does not rise to a due process violation, that Petitioner remains fully able to file a federal habeas petition *after* conclusion of the state habeas proceedings, and that Petitioner will not be prejudiced by being forced to exhaust his claims. The Court has reviewed the PF&R and concludes that the Magistrate Judge's findings are not contrary to law or clearly erroneous. By failing to exhaust any of Petitioner's constitutional claims in the state habeas proceeding, dismissal is appropriate. *See Rhines v. Weber*, 544 U.S. 269, 275-77 (2005) (explaining that a stay or abeyance should not be "employed too frequently" and dismissal can better reflect Antiterrorism and Effective Death Penalty Act's objectives). Because Petitioner's one-year statute of limitations under 28 U.S.C. § 2244(d)(1) is currently tolled until the conclusion of the state habeas proceeding, Petitioner is free to file constitutional claims under a federal habeas petition once the pending state proceedings have finished. Under this analysis,

the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R as it recommends dismissal of the instant petition. Petitioner's objections all involve issues outside of the Magistrate Judge's Order, which the Court is not required to address. However, because the Court liberally construes a *pro se* document and to afford the best explanation to Petitioner moving forward, the Court will address Petitioner's objections briefly.

### b. Petitioner's Objections

Petitioner's first objection appears to actually object to a previous Court Order denying Petitioner's Motion for Leave to Amend his habeas petition. *See Pet'r's Objs.*, ECF No. 32, at 1. Petitioner quotes from the Court's Order issued on February 3, 2017—an order separate from the Magistrate Judge's PF&R that Petitioner was directed to object. *See Court Order*, ECF No. 31. If Petitioner is seeking the Court to reconsider its previous Order, the Court **DENIES** reconsideration and directs Petitioner to the Court Order for explanation as to why an amendment to the habeas petition to add a claim for actual innocence is futile.[1] As the Magistrate Judge recommended dismissing the petition based off failure to exhaust state proceedings, the ability to amend the petition would have no effect as it does not resolve the procedural deficiency in the timing of the petition. When Petitioner timely files his federal habeas petition—*after* a state proceeding has concluded—Petitioner is free to assert his constitutional claims and a claim for

---

[1] Although Petitioner would like to characterize his offense as a capital offense in which he should be afforded greater protections and liberalities as under *Schulp v. Delo*, the Court disagrees. As stated in its previous Order, "the Supreme Court has emphasized that demonstrating actual innocence … is not itself a constitutional claim upon which habeas relief may be granted *in a non-death penalty case*." *Smith v. Ballard*, No. 2:09-CV-00242, 2010 WL 3835715, at *27 (S.D.W. Va. Aug. 24, 2010) (emphasis added). Petitioner argues that his life sentence without mercy is equivalent to a sentence to death. *Pet'r's Objs.*, ECF No. 32, at 3. However, in *Smith*, the court denied equating a sentence of two life sentences to the death penalty, and the Court will not change course here. *See Smith*, 2010 WL 3835715, at *27.

actual innocence if necessary to avoid the procedural bar to relief. However, none of this precludes the Court from dismissing the instant petition as premature for failure to exhaust.

Petitioner's second objection challenges the Magistrate Judge's denial of appointment of counsel in a subsequent order to the PF&R. *See Court Order*, ECF No. 28; *Pet'r's Objs.*, ECF No. 32, at 5. As the Court must dismiss the federal habeas petition as premature, the appointment of counsel at this time is unnecessary. Petitioner's second objection is **DENIED**.

Petitioner's third objection challenges the failure to order discovery. *Pet'r's Objs.*, ECF No. 32, at 7. Again, this objection does not challenge a determination within the Magistrate Judge's PF&R. Because the Court dismisses the federal habeas petition as premature, an order for discovery is unnecessary. Petitioner's third objection is **DENIED**.

### c. Certificate of Appealability

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

### IV. Conclusion

Accordingly, Petitioner's Objections (ECF No. 32) are **DENIED**, and the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's Proposed Findings and Recommendations (ECF

No. 27) in full. The Court, thus, **DENIES** Petitioner's Motion for Stay and Abeyance (ECF No. 2), **GRANTS** Respondents' Motion to Dismiss (ECF No. 18), and **DIMSISSES without prejudice** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 7). The Clerk is **DIRECTED** to remove this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 27, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE